FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2015 JUL -9 PM 2:47
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

UNITED STATES OF AMERICA         *
                                 *
v.                               *    CR 312-004-7
                                 *
MERCEDES D. JENKINS              *

# O R D E R

Before the Court is Defendant's motion for modification of his sentence under 18 U.S.C. § 3582(c)(2).

As a general rule, a court may not modify a sentence once it has been imposed. 18 U.S.C. § 3582(c). One of the exceptions is that a court may reduce a sentence that was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 944(o)." 18 U.S.C. § 3582(c)(2). Section 3582(c)(2) is only triggered by an amendment listed in U.S.S.G. § 1B1.10(c). Defendant cites to Amendment 599, which is a listed amendment.

Amendment 599 was enacted to clarify under what circumstances a weapons enhancement may properly be applied to an underlying offense when the defendant has also been convicted for the use or possession of a firearm pursuant to 18 U.S.C. § 924(c). United States v. Pringle, 350 F.3d 1172, 1179 (11th Cir. 2003). Amendment 599 amended the "Application

Notes" to U.S.S.G. § 2K2.4 and is applicable to sentences for offenses for which the guidelines are determined by reference to § 2K2.4.

In this case, on June 20, 2013, Defendant was sentenced to serve a 60-month term of imprisonment on a charge of unlicensed dealing in firearms and a 96-month term on a charge of distribution of cocaine base. Defendant's firearm offense, unlicensed dealing in firearms, falls under United States Sentencing Guideline § 2K2.1. Indeed, Defendant was not charged with or convicted of a crime under 18 U.S.C. § 924(c). Accordingly, Amendment 599 is completely irrelevant to Defendant's guideline computation and sentence. Moreover, Amendment 599 went into effect on November 1, 2000, and therefore is not an amendment that *subsequently* lowered a guideline range applicable to Defendant, who was sentenced in 2013.

Upon the foregoing, Defendant's motion to reduce sentence based upon Amendment 599 (doc. no. 311) is hereby **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this \_\_\_9th\_\_\_ day of July, 2015.

_____
UNITED STATES DISTRICT JUDGE

2