FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2016 NOV 3 AM 8:53
CLERK J Burton
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CR 312-004-7 |
| MERCEDES D. JENKINS | * | |

# ORDER

Before the Court is Defendant's motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2). Defendant cites Amendment 782 to the United States Sentencing Guidelines, which implemented a two-level offense level reduction to the offense levels assigned to the drug quantities set forth in Section 2D1.1 of the Guidelines.

As previously explained to Defendant, his offense level was determined by his conviction for unlicensed dealing in firearms and not the drug-related conviction. (See Order of Apr. 20, 2015, doc. no. 306.) Thus, Amendment 782 has no effect on his guideline range. While Defendant refers to this determination as a mistake in his motion (see doc. no. 335, at 3), he does not provide any evidence or argument to support his characterization. Instead, Defendant begs the Court's reconsideration of his sentence by present application of the factors announced in 18 U.S.C. § 3553(a). The Court, however,

is unable to modify a sentence once it has been imposed. See 18 U.S.C. § 3582(c).[1]

Upon the foregoing, Defendant's motion to reduce sentence based upon Amendment 782 (doc. no. 335) is hereby **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 1st day of ~~November~~ December, 2016.

_/s/ Dudley H. Bowen, Jr._
UNITED STATES DISTRICT JUDGE

---

[1] Section 3582(c) provides certain exceptions that are not applicable here. In particular, the Court has already found that Amendment 782 did not subsequently lower Defendant's guideline range.